**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FLOYDELL NUNN, JR., | No. 11-56913 |
| Plaintiff - Appellant, | D.C. No. 2:06-cv-02275-AG-JC |
| and | |
| MICHAEL ADAM, | MEMORANDUM[*] |
| Plaintiff, | |
| v. | |
| WILLIAM DOWNWARD, individually and in their official capacity; et al., | |
| Defendants - Appellees, | |
| and | |
| COUNTY OF ORANGE; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted March 20, 2013[**]
San Francisco, California

Before: KLEINFELD, LUCERO[***], and GRABER, Circuit Judges.

The district court did not abuse its discretion in calculating the lodestar amount for the award of attorney's fees under 42 U.S.C. § 1988(b). It properly determined reasonable hourly rates and a reasonable number of hours and "exclude[d] hours 'that are excessive, redundant, or otherwise unnecessary.'" McCown v. City of Fontana, 565 F.3d 1097, 1102 (9th Cir. 2009) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). Nor did the district court abuse its discretion by reducing the award of attorney's fees because of the "limited success" and lack of "meaningful public benefit." Id. at 1103. The "amount [was] reasonable and the court fully explain[ed] its reasoning," so there was no abuse of discretion. Id. at 1102.

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Carlos F. Lucero, Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

The district court did not abuse its discretion by sanctioning Plaintiff's counsel.  See De Dios v. Int'l Realty & Invs., 641 F.3d 1071, 1076 (9th Cir. 2011). The record supports the court's finding that Plaintiff's counsel acted intentionally in violating court orders and rules, which justified the court's use of its inherent authority to award sanctions.  Fink v. Gomez, 239 F.3d 989, 992 (9th Cir. 2001).

Plaintiff's opening brief failed to adequately argue the issues of costs and the motion for judgment as a matter of law, so we need not and do not reach those issues.  Humble v. Boeing Co., 305 F.3d 1004, 1012 (9th Cir. 2002).

**AFFIRMED.**